UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:16-cv-111-RJC
(3:07-cr-282-RJC-1)

| | |
|---|---|
| JAMES SINGLETON, )<br>)<br>Petitioner, )<br>)<br>vs. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. )<br>_____ ) | 30-DAY ORDER |

**THIS MATTER** is before the Court on Petitioner's Motion under 28, United States Code, Section 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, (Doc. No. 1). Petitioner seeks relief under the Supreme Court decision in Johnson v. United States, 135 S. Ct. 2251 (2015). Petitioner is represented by Joshua Carpenter of the Federal Defenders of Western North Carolina.

I.  **Initial Screening**

The Court has conducted an initial screening of the petition under the Rules Governing § 2255 Proceedings, Rule 4(b) 28 U.S.C.A. foll. § 2255, and finds: (1) the petition has been signed under penalty of perjury, Rule 2(b)(5), 28 U.S.C.A. foll. § 2255; (2) Petitioner has provided indicia that the petition was timely filed under 28 U.S.C. § 2255(f)(3), in that it was filed within one year of Johnson v. United States; and (3) Petitioner has asserted a colorable claim for relief cognizable under § 2255(a). Upon consideration of the motion and the record of prior proceedings, the Court determines that the United States Attorney shall file a response to Petitioner's allegations. Id. The Court will direct that the United States file an Answer or other responsive pleading in this case

1

within thirty (30) days of entry of this Order.[1]

**IT IS, THEREFORE, ORDERED** that:

1. No later than thirty (30) days from entry of this Order, the United States Attorney shall file an Answer or other responsive pleading to Petitioner's Motion to Vacate, Set Aside, or Correct Sentence.

Robert J. Conrad, Jr.
United States District Judge

---

[1] The Court has given the Government thirty days to file a response, as opposed to the usual sixty days, because Petitioner contends that, if the Court determines he is entitled to Johnson relief, he is rapidly approaching completion of the statutory maximum sentence to which he would be subject without application of the Armed Career Criminal Act.